UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUN 0 7 2010 ★

BROOKLYN OFFICE

UNITED STATES OF AMERICA,

– against –

REMY LEHNER,

Defendant.

09-CR-72

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

JACK B. WEINSTEIN, Senior United States District Judge:

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the sentencing guidelines referred to in section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

1

On April 16, 2009, Remy Lehner plead guilty to a single-count information, which charged that between 1999 and 2004 defendant, together with others, conspired to defraud the United States by impeding, impairing, obstructing, and defeating the lawful functions of the Internal Revenue Service of the United States Department of Treasury in the ascertainment, computation, and collection of revenue, specifically the filing of income taxes, pursuant to 26 U.S.C. § 7201, in violation of 18 U.S.C. § 371.

Lehner was sentenced on May 21, 2010. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

The court finds the total offense level to be 17 and defendant's criminal history category to be category I, yielding a guidelines range of imprisonment of between 24 and 30 months. The offense carried a maximum term of imprisonment of 5 years. 18 U.S.C. § 371. The guidelines range of fine was from $5,000 to $50,000. An order of restitution was mandatory. *See* 18 U.S.C. § 3663A; U.S.S.G. § 5E1.1.

Lehner was sentenced to six months' incarceration and three years' supervised release. A $100 special assessment was imposed. Restitution was ordered in the amount of $277,046.53 owed to the United States Internal Revenue Service. Defendant's balance of approximately $20,000 in a bank account at Capital One Bank is to be paid towards restitution immediately. The balance of restitution due is payable at the rate of $100 per month, starting six months after her release from incarceration. All payments toward restitution are to be made to the Clerk of Court, who will transfer the amounts paid to the United States. No fines were imposed because

2

the defendant does not have any assets, and it is unlikely that she will have any in the future to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court imposed a non-guideline sentence under 18 U.S.C. § 3553(a) and *Booker*.

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). While on the surface defendant came from a good family, defendant was subjected to sexual abuse as a child, and had a generally unsatisfactory relationship with her parents. She made an apparently happy marriage to her second husband, and she suffered severely from his early death. She became an abuser of alcohol, and tried several times to commit suicide. She is bright and competent, and a hard and persistent worker. She has attended therapy, and apparently is no longer abusing alcohol. She recently suffered the loss of her adult son. Nevertheless, her offense was serious. Defendant deliberately entered into an arrangement to defraud the government of taxes and to drive a thriving company into bankruptcy. A sentence of six months' imprisonment reflects the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any involvement in tax fraud will result in a substantial prison sentence. Specific deterrence is achieved through incapacitation and the impact of this conviction on the

3

defendant's employability. It is unlikely that she will engage in further criminal activity in light

of her remorse and her apparent post-arrest rehabilitation.

Jack B. Weinstein
Senior United States District Judge

Dated: May 24, 2010
     Brooklyn, New York